UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>John Robert Demos</u>

    v.                                    Civil No. 15-cv-285-PB

<u>The President of the United</u>
<u>States of America</u>

**<u>REPORT AND RECOMMENDATION</u>**

John Demos, a Washington state prisoner, has filed a petition for a writ of habeas corpus (doc. no. 1) and an addendum thereto (doc. no. 6),[1] invoking 28 U.S.C. § 2241. The petition is here for preliminary review to determine if it may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

**<u>§ 2254 Preliminary Review Standard</u>**

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition states a facially valid claim to

---

[1] Document No. 6 is entitled, "'Notice of Appeal' or in the Alternative a Motion for Reconsideration." It is not clear what Demos seeks to appeal or have the court reconsider. The filing is appropriately construed to be a petition addendum.

relief that is cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994).  When a habeas petitioner is proceeding pro se, the assertions in the petition are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Demos challenges his 1978 criminal convictions obtained in the King County Superior Court in Washington State.  Petitioner states that, after losing the direct appeal of his state court conviction, he challenged his conviction and sentence in a federal habeas action in the Eastern District of Washington.  Demos alleges that his § 2254 petition was denied, and that his appeal to the Ninth Circuit was unsuccessful.  Demos's instant petition raises claims regarding the 1861 suspension of habeas corpus.[2]

---

[2]Petitioner has filed hundreds of actions in federal courts around the country and in the courts of Washington State.  See Demos v. Washington, No. 14-24686, 2015 WL 4880856 at *2, 2015 U.S. Dist. LEXIS 107912 (S.D. Fla. Aug. 17, 2015).  Demos has been deemed an abusive litigant, and is a restricted filer, in numerous courts.  See id.  He is also subject to the Prison Litigation Reform Act's "three strikes" bar.  See id. (citing 28 U.S.C. § 1915(g)).

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts this court's jurisdiction to consider the merits of claims asserted in successive petitions for federal habeas relief filed under 28 U.S.C. § 2254.  This court construes the instant petition as having been filed pursuant to § 2254, as it challenges Demos's state court conviction.  Cf. Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) ("substance trumps form" in determining if AEDPA's gatekeeping provisions apply).  Demos has already litigated a § 2254 petition challenging the conviction that underlies the instant petition.  If Demos wishes to file a "second or successive" habeas petition, he must obtain prior authorization from the appropriate federal court of appeals.  See 28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 152-53 (2007).  Without such authorization, a federal district court lacks jurisdiction to consider, and therefore must dismiss, a second or successive § 2254 petition.  See Magwood v. Patterson, 561 U.S. 320, 330-31 (2010).  Accordingly, Demos's petition (doc. no. 1) should be dismissed.

## **Conclusion**

For the foregoing reasons, the district judge should dismiss this action for lack of jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 21, 2015

cc: John R. Demos, pro se